**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

   Plaintiff,                                                     Cr. No. 19-2321 JAP

v.

DECARRIO RICHARDSON,

   Defendant.

**MEMORANDUM OPINION AND ORDER**

On January 20, 2020, Defendant Decarrio Richardson moved the Court to: (1) compel the United States to produce specific discovery;[1] (2) disclose to the jury the mandatory minimum sentence he faces, should the jury convict him of the crimes charged;[2] and (3) sever the trial of count 2 from the trial of counts 1 and 3.[3] The Court will deny Defendant's Motion to Produce Specific Discovery (Doc. 50) and Motion to Instruct Jury as to Mandatory Minimum Penalties (Doc. 52). The Court will grant Defendant's Motion to Sever Offenses (Doc. 51).

BACKGROUND

In July 2019, a federal grand jury returned an indictment charging Defendant with: Count 1, possessing with intent to distribute 500 grams and more of cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B); Count 2, being a felon in possession of a firearm and ammunition, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2); and Count 3, using and carrying a firearm during and in relation to

---

[1] *See* MOTION TO PRODUCE SPECIFIC DISOVERY (Doc. 50).
[2] *See* MOTION TO INSTRUCT JURY AS TO MANDATORY MINIMUM PENALTIES (Doc. 52).
[3] *See* MOTION TO SEVER OFFENSES (Doc. 51).

a drug trafficking crime and possessing a firearm in furtherance of such crime, *see* 18 U.S.C. § 924(c)(1)(A)(i).[4]

## DISCUSSION

I.   Defendant's Motion to Produce Specific Discovery (Doc. 50)

Defendant seeks the production of 22 items of specific discovery under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Doc. 50 at 1–6. Items 1–9 relate to an alleged controlled buy during the second week of April 2018 at a "predetermined location;" items 10–18 relate to an alleged controlled buy of crack-cocaine in April 2018 at 221 Moon St. NE, Albuquerque, New Mexico; and items 19–22 relate to the April 11, 2018, search and seizure of evidence from a black Audi Sedan and at 221 Moon St. NE. *Id.* at 1–3. The United States does not object to the disclosure of items 19–22 and informs the Court that it has disclosed those materials.[5] It does, however, object to the disclosure of items 1–18 related to the alleged controlled buys. Doc. 66 at 1.

> Federal Rule of Criminal Procedure 16 requires that
>
> [u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). The Supreme Court has interpreted "the defendant's defense" to mean "the defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996) (interpreting Federal Rule of Criminal Procedure 16).

---

[4] *See* INDICTMENT (Doc. 33).
[5] *See* UNITED STATES' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR SPECIFIC DISCOVERY (Doc. 66 at 1).

2

Under *Brady v. Maryland*, the prosecution must disclose evidence that is both "favorable to the accused" and "material either to guilt or to punishment." 373 U.S. at 87. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985) "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* The Tenth Circuit has explained that "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *United States v. Fleming*, 19 F.3d 1325, 1331 (10th Cir. 1994). But evidence is material if it "might meaningfully alter a defendant's choices before and during trial . . . [including] whether the defendant should testify." *Case v. Hatch*, 731 F.3d 1015, 1041 (10th Cir. 2013) (quoting *United States v. Burke*, 571 F.3d 1048, 1054 (10th Cir. 2009) (ellipses and bracket in original)). In *Giglio*, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. 405 U.S. at 153.

Defendant seeks discovery related to an alleged controlled buy during the second week of April 2018 at a "predetermined location." Doc. 50 at 1–2. The United States contends that it does not intend to introduce evidence of this controlled buy in its case in chief and thus Defendant is not entitled to this evidence to prepare a defense under Rule 16. Doc. 66 at 5–6. Further, the United States maintains that the discovery items 1–9 relate to uncharged conduct. *Id.* at 5. Given that the requested discovery will not assist Defendant in responding to the United States' case-in-chief, the Court concludes that Defendant is not entitled to discovery of items 1–9 under Rule 16.

Items 10–18 relate to an alleged controlled buy of crack-cocaine in April 2018 at 221 Moon St. NE. Defendant requests this evidence because of Special Agent Mauldin's December 10, 2018, report. *See* Doc. 50-2 at 1. In that report, Special Agent Maudlin refers to a controlled buy at 221

3

Moon St. NE. *Id.* But according to the United States, Special Agent Mauldin's reference to a second controlled buy was a mistake. Doc. 66 at 6. The United States avers that Special Agent Mauldin was not involved in the original investigation. *Id.* Further, it expects that "testimony will show that police did not conduct a controlled buy at Defendant's residence at 221 Moon St. New in Albuquerque, NM." *Id.* Thus, the Court concludes that Defendant is not entitled to discovery of items 10–18.[6]

Defendant further argues that he is entitled to the requested discovery under *Brady* and *Giglio*. Doc. 50 at 5–7.[7] The United States maintains that the evidence Defendant requests in this motion does not fall within *Brady* or *Giglio*. In particular, the United States contends that it has disclosed all evidence that could potentially be considered exculpatory evidence under *Brady*. Doc. 66 at 9. Further, the United States has given the assurance that "[i]f during the continued course of investigation the United States discovers additional material that tends to be exculpatory, the United States will promptly disclose such material." *Id.* at 10. With respect to *Giglio* material, Defendant seeks discovery of the alleged controlled buys "for use in the *Franks* hearings as further proof that the warrant was invalidly issued in reliance on a deliberately or recklessly false affidavit." Doc. 50 at 8.[8] For its part, the United States produces case law discussing the timing requirements of *Giglio* disclosures. Doc. 66 at 10–11. Of course, if the United States has gleaned *Giglio* material, it must timely produce it to the defense. The Court expects the United States to fully comply with its constitutional disclosure obligations. Nevertheless, at this stage, the Court cannot say that the discovery Defendant seeks is impeachment material that would fall under *Giglio*.

---

[6] The Court has an evidentiary hearing in this case scheduled for May 14, 2020. If, during the course of that hearing, testimony establishes that a controlled buy did occur in April 2018 at 221 Moon St. NE, Defendant may again move for discovery of these items.

[7] Impeachment materials the Supreme Court addressed in *Giglio* fall under *Brady*. For shorthand purposes, this Memorandum Opinion and Order refers to "*Giglio*" when discussing impeachment materials and "*Brady*" when discussing exculpatory evidence that United States is required to disclose.

[8] The Court will take up Defendant's argument under *Franks v. Delaware*, 438 U.S. 154 (1978), at its May 14, 2020, hearing. *See* MOTION TO SUPPRESS EVIDENCE OR, IN THE ALTERNATIVE, TO HOLD A *FRANKS* HEARING, AND MEMORANDUM IN SUPPORT THEREOF (Doc. 49).

Finally, Defendant argues that he requires the requested evidence because the alleged sale of crack-cocaine and cocaine will be relevant conduct for sentencing purposes. Doc. 50 at 8. The United States responds that it "will provide discovery upon receipt of additional information for purposes of sentencing." Doc. 66 at n.5. Accordingly, the Court finds that Defendant is not entitled to that evidence at this time.

For the reasons above, the Court will deny Defendant's Motion to Produce Specific Discovery (Doc 50).

I. Defendant's Motion to Instruct Jury as to Mandatory Minimum Penalties (Doc. 52)

Defendant moves the Court to instruct the jury that if he is convicted of the crimes charged, he faces a mandatory minimum penalty of ten years' imprisonment. Doc. 52 at 1.[9] Yet, Defendant acknowledges that "both Tenth Circuit and Supreme Court precedent currently stand for the proposition that a jury may not be instructed, or advised in any way, of the consequences of a particular verdict." *Id.* at 2; *see Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975) (footnote omitted)); *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (holding jury instruction about mandatory minimum sentences was properly omitted). The Court is obligated to follow Supreme Court and Tenth Circuit precedent and will thus deny this motion.

II. Defendant's Motion to Sever Offenses (Doc. 51)

Defendant asks the Court to sever count 2—the felon in possession of a firearm and ammunition charge—from count 1 and count 3. Doc. 51 at 1. He contends that the introduction of

---

[9] The Court notes that if convicted of count 1, Defendant faces a mandatory five-year statutory minimum sentence and up to 40 years' incarceration. *See* 21 U.S.C. § 841. Further, if Defendant is not an Armed Career Criminal, he faces up to a ten-year sentence as to count 2. *See* 18 U.S.C. § 924. Finally, Defendant faces a mandatory five-year statutory minimum sentence as to count 3. *See id.*

his prior felony convictions, or even the fact that he is a convicted felon, will prejudice his trial on the other two offenses. *Id.* at 3. Defendant has three prior felony convictions for: (1) conspiracy to commit racketeering; (2) possession of a controlled substance; and (3) trafficking of a controlled substance (four counts). Doc. 33 at 2. He argues that he will be prejudiced if count 2 is not severed, because the jury will hear that he is a convicted felon (information they would not have otherwise), and "the jury will consider [his] prior convictions as propensity evidence[.]" Doc. 51 at 3. The Court agrees and will grant Defendant's motion.

Federal Rule of Criminal Procedure 8(a) permits an indictment or information to charge a defendant in separate counts with two or more offenses if "the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of the common scheme or plan." Fed. R. Crim. P. 8(a). Under Rule 14, however, a court "may order separate trials of counts" if joinder of offenses "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

Nevertheless, Rule 14 "does not require severance even if prejudice is shown." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). Instead, it is in the "sound discretion" of the district court to prescribe the proper relief to be granted. *Id.* at 539. The Tenth Circuit has repeatedly reiterated that "severance is a matter of discretion and not of right," and "the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) (citation omitted)); *see also United States v. Espinosa*, 771 F.2d 1382 (10th Cir. 1985) ("a defendant must show that 'actual prejudice' resulted" from a trial court's decision to deny severance). "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995) (quoting *United States v. Hollis*, 971

F.2d 1441, 1456 (10th Cir. 1992)).

Defendant's prior convictions for possession and trafficking of controlled substances are similar to the charges he currently faces. When offenses are of the same character, "prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime." *United States v. Holland*, 10 F.3d 696, 699 (10th Cir. 1993) (quoting *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993)). Given the nature of Defendant's prior convictions, and the similar nature of the current charges against him, the Court finds that Defendant will suffer real and actual prejudice if count 2 is not severed from his trial on counts 1 and 3.

Further, the Supreme Court has recognized that when a jury knows that a defendant is a convicted felon, the jury may "generaliz[e] a defendant's earlier bad act into bad character and tak[e] that as raising the odds that he did the later bad act now charged[.]" *Old Chief v. United States*, 519 U.S. 172, (1997). Indeed, courts should recognize a high risk of undue prejudice whenever joinder of counts allows evidence of other crimes to be introduced in a trial in which the evidence would otherwise be inadmissible. *United States v. Martinez*, 2019 WL 3719073, at *3 (D.N.M. 2019); *see also* Fed. R. Evid. 404(b). Thus, Defendant faces the real risk that the jury may consider the prior convictions as improper propensity evidence. While a limiting instruction could potentially mitigate the effect of propensity evidence, the Court finds that balance between the risk that the jury may be unable to compartmentalize this evidence and the practical burdens of an additional trial favors severance.

The Court notes that the trial on count 2 will be straightforward, involve few witnesses, and is expected to be of short duration. Thus, the Court concludes that Defendant has met his burden of establishing that severance is proper in this case. In reaching this conclusion, the Court has considered the inconvenience and expense of holding two trials and finds that the risk of prejudice outweighs the cost of holding separate trials. Accordingly, the Court will sever the trial of count 2

from the trial of counts 1 and 3. The Court will schedule a trial on count 2 for July 20, 2020, and a trial on counts 1 and 3 at a later date, if necessary.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

(1) Defendant's MOTION TO PRODUCE SPECIFIC DISCOVERY (Doc. 50) is DENIED;

(2) Defendant's MOTION TO INSTRUCT JURY AS TO MANDATORY MINIMUM PENALTIES (Doc. 52) is DENIED; and

(3) Defendant's MOTION TO SEVER OFFENSES (Doc. 51) is GRANTED.

(4) The trial of the offense charged in count 2 is scheduled to begin with jury selection at 1:00 p.m. on Monday, July 20, 2020, in the Pecos Courtroom at the U.S. Courthouse, 333 Lomas Blvd. N.W. A pretrial conference is scheduled in the Pecos Courtroom at 1:00 p.m. on Wednesday, July 8, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE